## Private School Field Trips No. 2

KANE, Attorney General, RAINS, Deputy Attorney General, and YAKOWICZ, Solicitor General, September 1, 1977 — On December 30, 1976, we addressed Attorney General Opinion 76-35 to your predecessor, the Honorable John C. Pittenger, reported at 1 D. & C. 3d 61 (1976). That opinion answered several questions posed by Secretary Pittenger regarding the interpretation of the field trip transportation provisions of the Public School Code of March 10, 1949, P.L. 30, as amended, 24 P.S. §13-1361 (hereinafter "Act 372"). In that opinion, we provided guidelines to enable school districts to make "identical provision" for field trip transportation for non-public school students. It was our intention to provide a workable definition of that statutory phrase which would be in accordance with applicable rules of law.

However, since the promulgation of that opinion, a similar field trip transportation statute in the State of Ohio has been ruled unconstitutional by the United States Supreme Court, as violative of the First Amendment's doctrine of separation of Church and State. In Wolman v. Walter, the Supreme Court of the United States ruled:

"Funding of field trips, therefore, must be treated as was the funding of maps and charts in Meek v. Pittenger [421 U.S. 349 (1975)], the funding of buildings and tuition in Committee for Public Education v. Nyguist [413 U.S. 756 (1973)], and

the funding of teacher prepared tests in Levitt v. Committee for Public Education [413 U.S. 472 (1973)]; it must be declared an aid to sectarian education." 45 L.W. 4861, 4867, June 24, 1977.

The Ohio statute in question is substantively identical to the field trip transportation provision in Act 372. The section in question, section 3317.06 of Page's Ohio Revised Code annotated (1976 Supp.), authorized expenditures of funds: "(L) To provide such field trip transportation and services to nonpublic school students as are provided to public school students in the district. School districts may contract with commercial transportation companies for such transportation service if school district buses are unavailable." Ibid.[1]

The Supreme Court found this provision unconstitutional on the ground that the public school authorities would be unable adequately to insure secular use of the field trip funds without close supervision of the nonpublic teachers, and that supervision would create excessive entanglement: Ibid.

In light of the Supreme Court's action in Wolman v. Walter, we hereby retract Attorney General Opinion 76-35 as it pertains to sectarian, nonpublic schools. Furthermore, it is our opinion, and you

---

1. Pennsylvania's Act 372 reads, in relevant part:

"When provision is made by a board of school directors for the transportation of public school pupils . . . to and from any points in the Commonwealth in order to provide field trips as herein provided, the board of school directors shall also make identical provision for the free transportation of pupils who regularly attend nonpublic kindergarten, elementary and high schools not operated for profit . . . to and from any points in the Commonwealth in order to provide field trips as herein provided."

are hereby advised, that the field trip transportation provisions of Act 372 as applied to sectarian, nonpublic schools are unconstitutional and void in light of the United States Supreme Court decision in Wolman v. Walter. Accordingly, we advise you to direct the school districts of Pennsylvania to make no further expenditures for field trip transportation for sectarian, nonpublic school pupils pursuant to Act 372. However, in accordance with the doctrine of severability as enunciated in Commonwealth v. The First School, 471 Pa. 471, 370 A.2d 702 (1977), you are advised that Act 372 and Opinion 76-35 remain valid as to field trip transportation for students at nonsectarian, nonpublic schools.